JUDGMENT
PER CURIAM.
This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed and argued by counsel. It is
Ordered And Adjudged that the case be remanded to the District Court with instructions to determine with clarity whether the defendant lacked the mental capacity to represent himself at trial.
Appellant Duane McKinney challenges his conviction on four counts of mail fraud in violation of 18 U.S.C. § 1341, two counts of wire fraud in violation of 18 U.S.C. § 1343, two counts of engaging in monetary transactions in violation of 18 U.S.C. § 1957, and three counts of first degree theft in violation of D.C.Code § 22-3212(a). During trial, McKinney represented himself, with appointed counsel on standby. On April 17, 2008, the jury returned its verdict against McKinney. On June 19, 2008, the Supreme Court handed down its decision in Indiana v. Edwards, 554 U.S. 164, 128 S.Ct. 2379, 2387-88, 171 L.Ed.2d 345 (2008) (holding that “the Con *75 stitution permits Judges to take realistic account of the particular defendant’s mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so.”). On July 1, 2008, McKinney, through counsel, moved for reconsideration of the trial court’s order granting his prior request to represent himself at trial. The District Court treated the motion for reconsideration as a motion for a new trial and orally denied it after a hearing. Appellant now seeks review of the District Court’s denial of his motion for a new trial on the ground that he did not have the mental competence to represent himself. Appellant does not contest the District Court’s finding that he was mentally competent to stand trial.
In Indiana v. Edwards, the Supreme Court held that the question of mental competence for self-representation “calls for a different standard” than the question of mental competence for assistance of counsel at trial. See Edwards, 128 S.Ct. at 2386. The Court declined to adopt a “specific standard” for mental competency to represent oneself at trial. Id,, at 2388. Rather, the Court left it to the discretion of the trial judge, who “will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant.” Id. at 2387. Under Edwards, when the issue of a defendant’s mental competency to represent himself is raised, the District Court must first determine whether the defendant “suffer[s] from severe mental illness to the point where [he is] not competent to conduct trial proceedings by [himself].” Id. at 2388. Only then may it exercise discretion and decide whether to limit that defendant’s right to self-representation. See id.
In the instant case, it is unclear whether the District Court meant to hold that the defendant did not have a “severe mental illness” and therefore failed to satisfy the Edwards threshold. The District Court considered the opinion of an expert forensic psychologist at the Federal Correctional Institution in Butner, North Carolina, who concluded that McKinney did not suffer from a severe mental disease or defect and that he was competent to conduct his own defense. However, it is unclear whether the District Court relied on the expert’s opinion to support a conclusion that McKinney did not suffer from severe mental illness or whether the court merely meant to say that it could not determine whether that was so. Therefore, a remand is necessary.
The Government argues that retrospective challenges to the quality of self-representation are not permitted under Faretta v. California, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, Faretta did not involve a question of mental competency. Moreover, the distinction between mental competency to represent oneself at trial and mental competency to stand trial did not arise until after McKinney’s trial, see Edwards, 128 S.Ct. at 2386, and he promptly raised the issue in a post-trial motion. Nothing in Edwards suggests that retrospective review in these circumstances is impermissible.
Given the record in this case, including the expert’s opinion that McKinney was competent and did not suffer from severe mental illness, and no expert opinion to the contrary, we believe that the District Court is in a position to make a “fine-tuned mental capacity decision[ ], tailored to the individualized circumstances of [this] particular defendant.” Edwards, 128 S.Ct. at 2387. The District Court has before it the reports of two mental health professionals, the forensic psychologist at Butner and the psychiatrist who attempted to evaluate the *76 defendant, as well as its own observations of defendant’s behavior before and during trial. On remand, the District Court may — but is not required to — take additional evidence or allow briefing on the defendant’s state of mind at the relevant time. See United States v. Ferguson, 560 F.3d 1060, 1070 (9th Cir.2009). If the court determines that the defendant had a severe mental illness at the time he represented himself at trial, the District Court should exercise its discretion to determine whether to grant appellant’s motion for a new tidal. See Edwards, 128 S.Ct. at 2388. If the court would not have altered its decision to grant McKinney’s motion, the conviction and sentence will stand. See Ferguson, 560 F.3d at 1070. If the court rules that it would have altered its decision at trial, it should vacate the conviction and sentence and conduct a new trial, with appellant represented by counsel. See id.
Appellant additionally argues that the District Court erred in permitting testimony regarding statements appellant made in a separate civil proceeding. Because appellant failed to invoke his Fifth Amendment privilege against self-incrimination, his statements in the civil trial were not compelled and the District Court properly denied the motion to suppress. See Minnesota v. Murphy, 465 U.S. 420, 427, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984) (“[I]f a witness under compulsion to testify makes disclosures instead of claiming the privilege, the government has not ‘compelled’ him to incriminate himself.”) (quotation omitted). None of the three exceptions to the Murphy rule — statements made in police custody, “penalty” cases, and the failure to file tax returns based on gambling profits — apply here. See id. at 429, 434, 439, 104 S.Ct. 1136.
Finally, appellant challenges the admission of evidence seized from his residence pursuant to a warrant. Even if there is error, the Government has met its burden of showing that it was harmless, demonstrating “with fair assurance” that “the judgment was not substantially swayed by the error.” See Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). The only evidence admitted at trial was a carbon copy of a receipt appellant gave to a witness after she gave him a $20,000 cashier’s check as payment for a property. The witness testified at trial about this transaction and identified appellant as the recipient of her cashier’s check. Moreover, the endorsed check itself was admitted into evidence without objection.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. R. 41.